IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH WAYNE MILLS,

    Petitioner,                   No. CIV S-05-1078 FCD KJM P

    vs.

STATE OF CALIFORNIA,

    Respondents.               ORDER AND

                              /               FINDINGS & RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 together with a request to proceed in forma pauperis under 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

1 providing the highest state court with a full and fair opportunity to consider all claims before

2 presenting them to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v.</u>

3 <u>Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.), <u>cert. denied</u>, 478 U.S. 1021 (1986).

4       After reviewing the petition for habeas corpus, the court finds that petitioner has

5 failed to exhaust state court remedies. The claims have not been presented to the California

6 Supreme Court. Further, there is no allegation that state court remedies are no longer available to

7 petitioner. Accordingly, the petition should be dismissed without prejudice.[2]

8       On July 7, 2005, petitioner filed requests to supplement his case and to file

9 exhibits. Neither of these documents shed any light on the exhaustion of petitioner's state

10 remedies.

11       Good cause appearing, IT IS HEREBY ORDERED that:

12       1. Petitioner is granted leave to proceed in forma pauperis;

13       2. The Clerk of the Court is directed to serve a copy of these findings and

14 recommendations together with a copy of the petition filed in the instant case on the Attorney

15 General of the State of California;

16       3. Petitioner's July 7, 2005 requests to supplement his case and to file exhibits are

17 denied.

18       IT IS HEREBY RECOMMENDED that petitioner's application for a writ of

19 habeas corpus be dismissed for failure to exhaust state remedies.

20 /////

21 /////

22 /////

23

24    [2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one

25 year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other

26 collateral review is pending. 28 U.S.C. § 2244(d).

1   These findings and recommendations will be submitted to the United States
2   District Judge assigned to this case, as provided by 28 U.S.C. § 636(b)(l).  Within twenty days
3   after being served with these findings and recommendations, petitioner may file written
4   objections with the court.  The document should be captioned "Objections to Findings and
5   Recommendations."  Petitioner is advised that failure to file objections within the specified
6   time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
7   (9th Cir. 1991).

DATED:  December 20, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2
mill1078.103

3